IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

V.                                                          CAUSE NO. 3:19-CR-79-CWR-LGI-1

DAVID KEITH FRAZIER                                                          DEFENDANT

### ORDER

Before the Court is defendant David Keith Frazier's Motion for Compassionate Release. Docket No. 77. The United States filed a response in opposition, Docket No. 78, and Frazier filed a reply. Docket No. 79. This matter is ripe for disposition. For the reasons stated below, defendant's motion is denied.

In October 2019, Frazier pled guilty to one count of Bank Robbery by Use of Dangerous Weapon, in violation of 18 U.S.C. § 2113(a) and (d). Minute Entry of Oct. 15, 2019. Nearly three months later, the undersigned sentenced Frazier to 70 months of imprisonment, followed by a 3-year term of supervised release, and ordered him to pay a $1,000 fine and the $100 special assessment. Minute Entry of Jan. 8, 2020. He is presently serving his sentence at USP Beaumont.

On March 15, 2021, Frazier filed a motion for compassionate release in light of the COVID-19 pandemic. Specifically, he alleges that the conditions at USP Beaumont in concert with his underlying health conditions—most pertinent here, rheumatoid arthritis, hepatitis B, and gastro-esophageal reflux disease—make him uniquely vulnerable to COVID-19.

While the Court generally "may not modify a term of imprisonment once it has been imposed," 18 U.S.C. § 3582(c), it may "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved

portion of the original term of imprisonment)."[1] *Id.* § 3582(c)(1)(A). The Court may grant such a request if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," *id.*, "after considering the factors set forth in section 3553(a) to the extent that they are applicable." *Id.*

The § 3553(a) factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

At present, the Court declines Frazier's request for compassionate release even if his medical conditions create extraordinary and compelling circumstances because the § 3553(a) factors weigh against release. First and most importantly, Frazier was convicted of a serious violent crime—bank robbery by use of a dangerous weapon. As part of his bank robbery scheme, Frazier called in a bomb threat at two different local schools. Although his girlfriend was a co-defendant, she, unlike Frazier, received a downward adjustment for her minor role. Docket No. 67, at 9. The Court further notes that Frazier committed the instant offense while he was on parole from state charges. Moreover, prior to Frazier's bank robbery conviction, he had a lengthy criminal history that spanned over a decade, which includes convictions for burglary, business burglary, burglary of a church, theft, and multiple convictions for resisting arrest.

---

[1] For the Court to proceed to such an analysis, the defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or there must have been a "lapse of 30 days from the receipt of such a request . . . ." 18 U.S.C. § 3582(c)(1)(A). Here, Frazier submitted a request for compassionate release to Warden Shultz and 30 days have lapsed since the receipt of the request. *See* Docket No. 77-1. Thus, the Court finds that Frazier has successfully exhausted his administrative remedies.

In sum, in light of the seriousness of the instant offense, and Frazier's criminal history, the Court finds that the § 3553(a) factors weigh heavily against release. Accordingly, Frazier's motion for compassionate release is denied.

**SO ORDERED**, this the 28th day of April, 2021.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
